UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID DAVENPORT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:12-cv-302-TWP-MJD |
| ) | |
| OFFICER DANIEL BREZIK, IMPD, ) | |
| ) | |
| Defendant. ) | |

**ENTRY GRANTING MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF FINAL JUDGMENT**

This matter is before the Court on Defendant Daniel Brezik's ("Officer Brezik") Motion for Summary Judgment (Dkt. 69). Plaintiff, David Davenport ("Mr. Davenport"), initiated this civil rights action under 42 U.S.C. § 1983 against Officer Brezik, an Indianapolis Metropolitan Police Department officer, in his individual capacity, claiming Officer Brezik's use of force to effectuate his arrest on May 14, 2011 was excessive. For the reasons explained below, the Motion is **GRANTED**.

**I. LEGAL STANDARD**

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The nonmoving party bears the burden of demonstrating that such a genuine issue of material fact exists. See *Harney v. Speedway SuperAmerica,* LLC, 526 F.3d 1099, 1104 (7th Cir. 2008) (citing cases). "The nonmovant will successfully oppose summary

judgment only when it presents definite, competent evidence to rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted).

## II. **DISCUSSION**

Having applied the foregoing standard to the pleadings and the evidentiary record in this action, and being duly advised, the Court finds that Officer Brezik's Motion for Summary Judgment must be granted. This conclusion rests on the following facts and circumstances:

1. Mr. Davenport claims that Officer Brezik arrested him without a warrant and without probable cause on May 14, 2011. However, Mr. Davenport's conviction in an Indiana state court of offenses associated with his arrest precludes his claim for unlawful arrest. *Currier v. Baldridge,* 914 F.2d 993 (7th Cir. 1990); *see also Schertz v. Waupaca County,* 875 F.2d 578, 582 (7th Cir. 1989) ("[T]he existence of probable cause for arrest is an absolute bar to a Section 1983 claim for unlawful arrest, false imprisonment, or malicious prosecution.").

2. Mr. Davenport's second claim is that Officer Brezik used excessive force in effecting the arrest. Mr. Davenport was convicted on September 12, 2012 of resisting law enforcement in state court. The Supreme Court's decision in *Heck v Humphrey* 512 U.S. 477 (1994) precludes this claim. Mr. Davenport could not prevail on his claim of excessive force without impugning the validity of the conviction for resisting law enforcement. When a plaintiff "makes allegations that are inconsistent with [his] conviction's having been valid, *Heck* kicks in and bars his civil suit." *McCann v. Neilsen*, 466 F.3d 619, 621–22 (7th Cir. 2006) (internal citation and quotation marks omitted); *see also Moore v. Mahone*, 652 F.3d 722, 723–25 (7th Cir. 2011); *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003).

3. The claim which is barred by *Heck* will be dismissed without prejudice so that Mr. Davenport can pursue it if his conviction is ever invalidated. *See Polzin v. Gage*, 636 F.3d 834, 839 (7th Cir. 2011).

### III. CONCLUSION

Officer Brezik's Motion for Summary Judgment (Dkt. 69) is **GRANTED** to the extent consistent with the foregoing, and judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 03/11/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

David Davenport, #904991
Putnamville Correctional Facility
1946 West U.S. 40
Greencastle, Indiana 46135-9275

Andrew R. Duncan
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
ard@rucklaw.com

Edward J. Merchant
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
emj@rucklaw.com

John F. Kautzman
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
jfk@rucklaw.com

Beth Ann Garrison
OFFICE OF CORPORATION COUNSEL, CITY OF INDIANAPOLIS
beth.garrison@indy.gov

Mark John Pizur
OFFICE OF CORPORATION COUNSEL, CITY OF INDIANAPOLIS
mark.pizur@indy.gov